UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
ABRAHAM WEGH
on behalf of himself and
all other similarly situated consumers

                              Plaintiff,


              -against-


UNITED COLLECTION BUREAU, INC.

                              Defendant.


--------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff Abraham Wegh seeks redress for the illegal practices of United Collection
      Bureau, Inc. concerning the collection of debts, in violation of the Fair Debt Collection
      Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in
      that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in
      Toledo, Ohio.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by
      consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §
      1692(a)(6).

*Jurisdiction and Venue*

7.   This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Abraham Wegh*

9.   Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.  On or about September 30, 2015, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11.  The said September 30, 2015 letter stated in pertinent part as follows:

"Total amount of interest accrued since charge-off: $753.60"

12.  A reasonable consumer could be misled into believing that he could pay his debt in full by paying the amount as listed in the said letter.

13.  In fact, however, since as stated in the said letter, interest was accruing since charge-off, a consumer who pays the "Current Account Balance" as stated in the said September 30, 2015 letter, would not know whether the debt has been paid in full.

14.  The debt collector could still seek the interest and fees that accumulated after the notice was sent, but before the balance was paid, or sell the consumer's debt to a third-party, which itself could seek the post charge-off interest and fees from the consumer.  See Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76 (2d Cir. 2016)

15.  Where a debt collector states that interest is accruing from charge-off, yet the debt collector "is willing to accept a specified amount in full satisfaction of the debt if

payment is made by a specific date [it must] simplify the consumer's understanding by so stating, while advising that the amount due would increase by the accrual of additional interest or fees if payment is not received by that date."

16.     If the debt collector intended on waiving the interest accruing since charge off it must clearly state that the post charge-off interest is being waived.

17.     The collection letter at issue stated only the "Current Account Balance" but did not disclose that the balance would continue to increase due to interest and fees, or in the alternative, the collection letter at issue stated that interest was accruing since charge-off, but did not disclose that the balance was actually <u>not</u> increasing due to the interest being waived.

18.     Either way, this letter was "misleading" and "confusing" within the meaning of Section 1692e.

19.     Absent a disclosure by the holder of the debt that the interest accruing since charge-off is waived, even if the debtor pays the "Amount of Debt" the Defendant and or the creditor could still seek the interest accruing since charge-off, or sell the consumer's debt to a third party, which itself could seek the post charge off interest from the consumer.   <u>Avila</u>, at *10-11.

20.     Waiver of post charge-off interest, even when it has been made explicitly, has never prevented debt collectors from continuing to illegally charge the waived interest.

21.     At the bare minimum, a debt collector must make clear, even to the unsophisticated consumer that it intends to waive the accruing post charge-off interest.

22.     A debt collector must disclose that the balance due may change since interest is accruing, or in the alternative, it must disclose any such waiver of interest accrued since

charge-off.

23. The said letter was deceptive and misleading as it merely identified the "Current Account Balance," yet failed to disclose that the balance may increase due to interest and fees.

24. The Plaintiff was left uncertain as to whether the "Current Account Balance" was accruing interest as there was no disclosure that indicated otherwise.

25. A reasonable consumer could read the notice and be misled into believing that he or she could pay her debt in full by paying the amount listed on the notice.

26. In fact, however, if interest is accruing daily, or if there are undisclosed late fees, a consumer who pays the "Current Account Balance" stated on the notice will not know whether the debt has been paid in full.

27. The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

28. The statement of an "Current Account Balance", without notice that the amount is already increasing due to accruing interest or other charges, would mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or her account.

29. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is

embodied in Section 1692e.

30.   Collection notices that state only the "Current Account Balance," but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

31.   The Plaintiff and the least sophisticated consumer would be led to believe that the "Current Account Balance" is static and that his or her payment of the amount due would satisfy the debt irrespective of when payment was remitted.

32.   In fact, however, interest was accruing daily and the Defendant has tried to collect this interest from the Plaintiff.

33.   A consumer who pays the "Current Account Balance" stated on the collection letter will be left unsure as to whether or not the debt has been paid in full, as the Defendant could still attempt to collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

34.   The Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

35.   A debt collector, when notifying a consumer of his or her account balance, must disclose that the balance may increase due to interest and fees.

36.   15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt; or
>
> (10) the use of any false representation or deceptive means to collect or

attempt to collect any debt or to obtain information concerning a consumer.

37.     The said letter is a standardized form letter.

38.     Upon information and belief, the Defendant's collection letters, such as the said collection letter, number in the hundreds.

39.     Defendant's September 30, 2015 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

40.     On or about June 14, 2016, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

41.     Said letter stated in pertinent part as follows: **"Citibank, N.A. will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations."**[1]

42.     The said language is deceptive and misleading in violation of the FDCPA.

43.     Under 26 C.F.R. § 1.6050P-1(d)(2) and (3), only the discharge of principal need be reported:

(2) Interest. The discharge of an amount of indebtedness that is interest **is not required to be reported** under this section.

(3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal **is not required to be reported** under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).

44.     It is entirely plausible to forgive $600 or more of the debt and yet not be required to

---

[1] Good v. Nationwide Credit, Inc., No. 14-4295, 2014 BL 302150 (E.D. Pa. Oct. 24, 2014). (finding that the statement "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more. Please consult your tax advisor concerning any tax questions" is not true and does not accurately reflect the relevant law the court also found that the statement's invocation of the IRS was deceptive and materially misleading in violation of the FDCPA.)

report balances that are discharged to the IRS."

45.     A collection notice is deceptive when it reasonably can be read to have two or more different interpretations, one of which is false.[2]

46.     The language in the letter that states **"Citibank, N.A. will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations"** could reasonably be understood by the least sophisticated consumer to mean that IRS regulations require that the client, in all circumstances, report forgiveness of debt to the IRS.

47.     The words **"Citibank, N.A. will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations"** is reasonably read to mean that the creditor will always report forgiveness of debt.

48.     The least sophisticated consumer would understand this statement to mean that the creditor is required by IRS regulations to report forgiveness of debt to the IRS.

49.     Although the Defendant had no duty to disclose any potential tax ramifications,[3] when Defendant chooses to give <u>tax</u> disclosures, it must do so in a way that it will not mislead the least sophisticated consumer as to his or her tax consequences.

50.     Current case law has made clear, that if debt collectors are providing tax advice with regards to the reporting of forgiveness of debt, they cannot provide vague, incomplete and misleading disclosures that leaves out the essential element that the reporting of forgiveness of a debt happens only if the **principal** forgiven exceeds $600, and that

---

[2] <u>Pipiles v. Credit Bureau of Lockport, Inc.</u>, 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.), <u>Clomon v. Jackson</u>, 988 F.2d 1314, 1319 (2d Cir. 1993) (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.), <u>Russell v. Equifax A.R.S.</u>, 74 F.3d 30, 34 (2d Cir. N.Y. 1996). (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

[3] See <u>Altman v. J.C. Christensen & Assocs.</u>, 786 F.3d 191, 194, 2015 U.S. App. LEXIS 7980, *7 (2d Cir. N.Y. 2015). ("[T]he FDCPA does not require a debt collector to make any affirmative disclosures of potential tax consequences when collecting a debt.")

reporting of forgiveness of a debt would not happen even if the amount is greater than $600, if the amount forgiven contained interest forgiveness so long as the principal was less than $600.

51.     The statement **"Citibank, N.A. will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations"** is ambiguous, yet the vagueness and uncertainty does not erase the fundamental mischief and deception that the statement intends to cause to the consumer.  A consumer reading this statement will be led to believe that if a settlement erases any amount of the debt, then the creditor is required to report the forgiveness of debt to the IRS, per the IRS regulations (creating by fear of the IRS another incentive for the consumer to pay the debt without erasing any amount through settlement). However, this statement is inherently deceptive and misleading, by giving erroneous and incomplete tax information - because in actual fact and according to IRS regulations, the creditor <u>will not</u> be required to report to the IRS, forgiveness of debt less than $600, nor would the creditor be required to report an amount greater than $600 in forgiveness, if the amount contained interest.

52.     If the creditor wishes to legitimately give tax advice in a sincere manner, one that does not mislead the consumer, then that creditor should specify and make clear to the least sophisticated consumer that only certain amounts require reporting, and that this applies only to principle and not to interest forgiveness.

53.     The creditor should also specify what amounts are principle and what part of it is interest, in the amounts owed. Any tax advice that does not specify the tax consequences as it applies to the consumer's circumstances is nothing more than a ploy to elicit a more

substantial payment from the consumer than the consumer would have paid, had he or she understood the tax reporting consequences.

54.     The use of the words **"Citibank, N.A. will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations"** is an attempt by the debt collector to make the debtor think that the IRS regulations always require the reporting of forgiveness of debt. The least sophisticated consumer would reasonably read the letter to mean that the creditor, in all circumstances, will report forgiveness of debt as is required by IRS regulations.[4]

55.     In a recent decision, this court found in the case of Kaff v. Nationwide Credit, Inc., 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) (Towns, J,) that a statement regarding the requirement to file a 1099 "was not strictly true under all circumstances because **it failed to apprise debtors** that possible exceptions could apply to the creditor's mandatory reporting requirement, such as the exceptions **for interest and other non-principal debts**."[5]

56.     The Defendant tends to give erroneous and/or incomplete tax advice to consumers.

57.     The FDCPA does not require that tax consequences be identified in collection letters sent to consumers; but where a debt collector has chosen to threaten the debtor with tax consequences, and has done so inaccurately, the false representation causes detrimental harm to the consumer since it concretely thwarts the consumer's ability to freely navigate a course of action in response to the collection notice. The risk in this type of

---

[4] Russell v. Equifax A.R.S., 74 F.3d 30, 35, 1996 U.S. App. LEXIS 1042, *13 (2d Cir. N.Y. 1996). (That a notice's terminology is vague or uncertain will not prevent it from being held deceptive under 1692e.)

[5] Kaff v. Nationwide Credit, Inc., 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015). (Towns, J,) (emphasis added), see also Good v. Nationwide Credit, Inc., No. 14-4295, 2014 BL 302150 (E.D. Pa. Oct. 24, 2014) (Finding that the statement "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more. Please consult your tax advisor concerning any tax questions" is not true and does not accurately reflect the relevant law the court also found that the statement's invocation of the IRS was deceptive and materially misleading in violation of the FDCPA.)

harm is the detrimental impact to the consumer. And such harm is precisely the kind of infringement of the consumer's best interests that the FDCPA seeks to combat.

58. Such a statement in a collection letter suggests to the least sophisticated consumer that failure to pay will get the consumer into trouble with the IRS.[6]

59. The statement in the said letter is false and misleading, in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

60. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

61. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

62. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

63. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

64. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

65. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

66. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The

---

[6] Kaff v. Nationwide Credit, Inc., 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) (Towns, J,), Wagner v. Client Services, Inc., No. 08-5546, 2009 WL 839073, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009), Sledge v. Sands, 182 F.R.D. 255 (N.D.Ill. 1998).

Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

67.    These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

68.    As an actual and proximate result of the acts and omissions of United Collection Bureau, Inc., Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

69.    Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through sixty eight (68) as if set forth fully in this cause of action.

70.    This cause of action is brought on behalf of Plaintiff and the members of two classes.

71.    Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about September 30, 2015; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Citibank, N.A.; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

72.   Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about June 14, 2016; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Citibank, N.A.; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Defendant violated 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692e(8), 1692e(10), and 1692f, for harassment and by threatening to engage in an act which is legally prohibited.

73.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

A.   Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

B.   There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

C.   The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

D.   The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E.   The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class

actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

74.   A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

75.   If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

76.   Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

77.   The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

78.   Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

A.  Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B.  Attorney fees, litigation expenses and costs incurred in bringing this action; and

C.  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
September 12, 2016

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)

UNITED COLLECTION BUREAU, INC.
5620 SOUTHWYCK BLVD SUITE 206
TOLEDO OH 43614                                                    1-800-890-8548

ABRAHAM WEGH
4915 11TH AVE FL 2
BROOKLYN NY 11219-3404

Creditor:                                              CITIBANK, N.A.
Regarding:                                             CITI MASTERCARD
Last Four Digits of Creditor Account Number:           XXXXXXXXXXXX2152
United Collection Bureau, Inc. Reference Number:       804
Current Account Balance:                               $10202.95

Dear ABRAHAM WEGH:

Unless you dispute the validity of this debt or any portion thereof, please make your payment to Citibank at the remit address
below or call our office for arrangements.

The below is an itemized accounting of the debt as required by state statute:

| | |
|---|---:|
| Original Creditor: | CITIBANK, N.A. |
| Total amount due as of charge-off: | $9449.35 |
| Total amount of interest accrued since charge-off: | $753.60 |
| Total amount of non-interest charges accrued since charge-off: | $0.00 |
| Total amount of non-interest fees accrued since charge-off: | $0.00 |
| Total amount of payments made since charge-off: | $0.00 |
| Total amount of NSFs/other debits since charge-off: | $0.00 |

When calling our office at 1-800-890-8548, please refer to reference number 804.

To make an easy one-time payment online, please go to: www.ucbinc.com, click on make a payment and follow the prompts.

This is an attempt to collect a debt by United Collection Bureau, Inc., a debt collector, and any information obtained will be
used for that purpose.

**Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any
portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from
receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification
of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this
office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the
original creditor, if different from the current creditor.**

**SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

76CU027000CDN

PLEASE RETURN THIS PORTION WITH PAYMENT. DO NOT ATTACH CHECK TO STUB.
**PLEASE MAKE YOUR PAYMENT PAYABLE TO CITIBANK**

PO BOX 140310
TOLEDO OH 43614

ADDRESS SERVICE REQUESTED

| | |
|---|---|
| Creditor: | CITIBANK, N.A. |
| Regarding: | CITI MASTERCARD |
| Last Four Digits of Creditor Account Number: | XXXXXXXXXXXX2152 |
| Current Account Balance: | $10202.95 |
| United Collection Bureau, Inc. Reference No: | 804 |
| United Collection Bureau, Inc. Telephone No: | 1-800-890-8548 |

━━━━━ REMIT TO: ━━━━━

September 30, 2015

United Collection Bureau, Inc.
PO BOX 140310
TOLEDO OH 43614

ABRAHAM WEGH
4915 11TH AVE FL 2
BROOKLYN NY 11219-3404

804539228



UNITED COLLECTION BUREAU, INC.
5620 SOUTHWYCK BLVD SUITE 206
TOLEDO OH 43614

June 14, 2016

1-800-890-8548

ABRAHAM WEGH
4915 11TH AVE FL 2
BROOKLYN NY 11219-3404

| | |
|---|---|
| Creditor: | CITIBANK, N.A. |
| Regarding: | CITI MASTERCARD |
| Last Four Digits of Creditor Account Number: | XXXXXXXXXXXX2152 |
| United Collection Bureau, Inc. Reference Number: | 804 |
| Current Account Balance: | $10202.95 |

Dear ABRAHAM WEGH:

On behalf of Citibank, United Collection Bureau, Inc. will accept a settlement in the amount of $3,877.12 for the above referenced account. This settlement offer will save you the sum of $6,325.83. To take advantage of this offer please ensure the total payment is received in our office by June 29, 2016. We are not obligated to renew this offer and this agreement is contingent upon clearance of funds.

If you wish to accept this offer, please contact our office to establish a payment method and date, or mail a copy of this letter together with your payment to the remit address below. Please make your check or money order payable to Citibank. When calling our office, please refer to settlement offer number 2820067 and your reference number [____]804.

In the event you are unable to accept this offer, we encourage you to contact our office to establish a payment arrangement toward the full balance of the account.

To make an easy one-time payment online, please go to: www.ucbinc.com, click on make a payment and follow the prompts.

Thank you for your prompt attention to this matter. Please contact the undersigned with respect to any questions or concerns you may have.

Sincerely,
Brian Macionsky
United Collection Bureau, Inc.

CITIBANK, N.A. will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations. Please contact your tax advisor if you have any questions.

This is an attempt to collect a debt by United Collection Bureau, Inc., a debt collector, and any information obtained will be used for that purpose.

**SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

24CU027000CSIF

**PLEASE RETURN THIS PORTION WITH PAYMENT. DO NOT ATTACH CHECK TO STUB.**
**PLEASE MAKE YOUR PAYMENT PAYABLE TO CITIBANK**

| | |
|---|---|
| Creditor: | CITIBANK, N.A. |
| Regarding: | CITI MASTERCARD |
| Last Four Digits of Creditor Acct. Number: | XXXXXXXXXXXX2152 |
| Current Account Balance: | $10202.95 |
| United Collection Bureau, Inc. Reference No: | 804 |
| United Collection Bureau, Inc. Telephone No: | 1-800-890-8548 |

PO BOX 140310
TOLEDO OH 43614

ADDRESS SERVICE REQUESTED

━━━━━━ REMIT TO: ━━━━━━

June 14, 2016

UNITED COLLECTION BUREAU, INC.
PO BOX 140310
TOLEDO OH 43614

ABRAHAM WEGH
4915 11TH AVE FL 2
BROOKLYN NY 11219-3404

818030088

